BARRY W. MATLOCK,

              Plaintiff,

              v.                         CAUSE NO.: 3:18-CV-1007-JD-MGG

PORTER, et al.,

              Defendants.

## OPINION AND ORDER

Barry W. Matlock, a prisoner without a lawyer, filed a complaint alleging that

Officer Porter made racially derogatory comments, he complained about Officer

Porter's behavior, and he was retaliated against for making that complaint by five other

officers. A filing by an unrepresented party "is to be liberally construed, and a pro se

complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A,

the court must review the merits of a prisoner complaint and dismiss it if the action is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief against a defendant who is immune from such relief.

Matlock alleges that, on November 3, 2018, Officer Porter made racially

derogatory comments to him. Under the Eighth Amendment, prisoners cannot be

subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34

(1994). "An Eighth Amendment claim based on the infliction of psychological pain on

an inmate requires (1) objectively, sufficiently serious misconduct, and, (2) subjectively, an intent to wantonly inflict psychological pain for no legitimate purpose." *Snow v. List*, No. 11-CV-3411, 2014 WL 1515613 * 1 (C.D. Ill. April 17, 2014)(*citing Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003)). Standing alone, "[t]he use of derogatory language, while unprofessional and deplorable," is not serious enough to violate the Constitution. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Matlock has alleged only the use of derogatory language. He has not detailed any privileges he was denied during this encounter with Officer Porter. Therefore, while indeed offensive behavior, he has not described circumstances so severe as to implicate the Eighth Amendment, and this allegation does not state a claim.

Matlock filed complaints about Officer Porter's behavior with several individuals. After filing those complaints, he was moved from his two-man cell to a four-man cell. Matlock found this distressing because he suffers from Post-Traumatic Stress Disorder and this transfer was contrary to the recommendation of a mental health worker that he not be placed in a cell with more than one other individual. He was also removed from his job with Pen Products. He believes both these changes were made in retaliation for complaining about Officer Porter.

"To prevail on his First Amendment retaliation claim, [Matlock] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation

marks and citations omitted). Here, Matlock has not identified the individuals responsible for having him moved to a four-man cell or removing him from his Pen Products job. The court cannot determine that these decisions were made in retaliation for exercising his first amendment rights if the responsible individuals are not identified. Therefore, Matlock cannot proceed on these retaliation claims.

Matlock also alleges that several defendants threatened him because he complained about Sgt. Porter. On November 7, 2018, Sgt. Franklin told Matlock that he heard that Matlock was messing with his friend Officer Porter, that he did not like for people to mess with his friends, and that "Westville can be a dangerous place and bad thing[s] can happen to people like Matlock." (ECF 4 at 4.) On November 10, 2018, Sgt. Flakes referenced the complaint Matlock filed against Porter and indicated that "she had friends that were/are Vice Lords and they knew how to deal with people like Matlock." (*Id.*) On November 14, 2018, Sgt. Mottshagen indicated that she heard that Matlock was causing trouble by filing complaints against staff, and she indicated that "it would be a shame if Matlock needed help and Sgt. Mottshagen turned her back and let harm come to Matlock." (*Id.*) On November 17, 2018, Sgt. Yancey reminded Matlock of a brutal attack on inmates at Indiana State Prison, and he said, "that's what happens to inmates who mess with his brothers and sisters in blue." (*Id.* at 5.) On November 26, 2018, Sgt. Collier indicated that she "could and would make Matlock pay dearly" for messing with Officer Porter if he did not stop. She further indicated that she has family that are Vice Lords, and "she could and would put them on Matlock." (*Id.*) On December 6, 2018, Matlock was surrounded by eight members of the Vice Lords gang

and told that he needed to drop his claims against Officer Porter or he "could and would be beaten and or stabbed." These allegations state a claim of retaliation against Sgt. Collier, Sgt. Flakes, Sgt. Yancy, Sgt. Mottshagen, and Sgt. Franklin. It is noted, however, that Matlock has not requested monetary damages, and has instead sought only injunctive relief. Therefore, he will be permitted to proceed against them only in their official capacities for injunctive relief.

Matlock has shared information about these threats with Deputy Warden Gann, Warden Sevier, Deputy Commissioner Basinger, and internal affairs, although he has not named any of these individuals as defendants in this action. He has not yet received any relief. Matlock's allegations are troubling, as is the failure of prison officials to take action to protect him, but no physical harm has come to Matlock as a result of that inaction. Fear of an attack that does not occur does not state a claim for monetary damages. *See Doe v. Welborn*, 110 F.3d 520, 523–24 (7th Cir. 1997)("An allegation that prison officials exposed a prisoner to a risk of violence at the hands of other inmates does not implicate the Eighth Amendment's Cruel and Unusual Punishments Clause."(internal quotation marks and citation omitted)).

Although Matlock has not named him as a defendant, it is the warden in his official capacity who is charged with ensuring Matlock's safety. Accordingly, the court will add him as a defendant and will permit Matlock to proceed on a claim for injunctive relief against Warden Sevier for failure to take action to protect him from members of the prison staff that have threatened him and members of the Vice Lords. The injunctive relief Matlock is seeking is transfer to another facility, but that is not an

appropriate remedy. Matlock is entitled to adequate protection as required by the Constitution, but there are multiple methods of providing this protection, and Matlock cannot dictate how it is provided. "The PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Therefore, injunctive relief – if granted – would be limited to requiring Warden Sevier to provide Matlock with adequate protection as required by the Constitution.

For these reasons, the court:

(1) GRANTS Barry Wade Matlock leave to proceed against Sgt. Collier, Sgt. Flakes, Sgt. Yancy, Sgt. Mottshagen, and Sgt. Franklin in their official capacity for injunctive relief to cease retaliating against him for exercising his First Amendment rights;

(2) GRANTS Barry Wade Matlock leave to proceed against Warden Sevier in his official capacity for injunctive relief to provide adequate protection from members of the prison staff and Vice Lords that have threatened him, as required by the Eighth Amendment;

(3) DISMISSES all other claims pursuant to 28 U.S.C. § 1915A;

(4) DISMISSES Sgt. Porter pursuant to 28 U.S.C. § 1915A;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sgt. Collier, Sgt. Flakes, Sgt. Yancy, Sgt. Mottshagen, Sgt. Franklin, and

Warden Sevier at the Indiana Department of Correction with a copy of this order and the complaint (ECF 4) as required by 28 U.S.C. § 1915(d);

(6) ORDERS Warden Sevier to file an affidavit or declaration with the court by **January 10, 2019**, explaining how Barry Wade Matlock is being housed in order to comply with the Eighth Amendment's requirements; and

(7) ORDERS, pursuant to 42 U.S.C. §1997e(g)(2), that Sgt. Collier, Sgt. Flakes, Sgt. Yancy, Sgt. Mottshagen, Sgt. Franklin, and Warden Sevier respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 27, 2018

_____/s/ JON E. DEGUILIO_____
JUDGE
UNITED STATES DISTRICT COURT