UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BARRY W. MATLOCK,

    Plaintiff,

    v.     CAUSE NO.: 3:18-CV-1007-JD-MGG

PORTER, et al.,

    Defendants.

## OPINION AND ORDER

Barry W. Matlock, a prisoner without a lawyer, filed an amended complaint alleging essentially the same claims as his original complaint, although he has now named additional defendants. Matlock alleges that Officer Porter made racially derogatory comments, he complained about Officer Porter's behavior, and he was retaliated against for making that complaint and filing this lawsuit by various other members of the staff at Westville Correctional Facility. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Matlock again alleges that, on November 3, 2018, Officer Porter made racially derogatory comments to him. Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). "An Eighth Amendment claim based on the infliction of psychological pain on an inmate requires (1) objectively, sufficiently serious misconduct, and, (2) subjectively, an intent to wantonly inflict psychological pain for no legitimate purpose." *Snow v. List*, No. 11-CV-3411, 2014 WL 1515613 * 1 (C.D. Ill. April 17, 2014)(*citing Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003)). Standing alone, "[t]he use of derogatory language, while unprofessional and deplorable," is not serious enough to violate the Constitution. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Matlock has alleged only the use of derogatory language. He has not detailed any privileges he was denied during this encounter with Officer Porter. Therefore, while indeed offensive behavior, he has not described circumstances so severe as to implicate the Eighth Amendment, and this allegation does not state a claim.

Matlock filed complaints about Officer Porter's behavior with several individuals. After filing those complaints, Mr. Sonnenberg moved Matlock from his two-man cell to a four-man cell. Matlock found this distressing because he suffers from Post-Traumatic Stress Disorder and this transfer was contrary to the recommendation of a mental health worker that he not be placed in a cell with more than one other individual. Furthermore, Mr. Sonnenberg and Warden Sevier had him removed from his job with Pen Products. He believes both these changes were made in retaliation for complaining about Officer Porter. "To prevail on his First Amendment retaliation claim,

[Matlock] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Here, while Matlock's allegations are sparse, he will be permitted to proceed on his retaliation claims against Mr. Sonnenberg and Warden Sevier.[1]

Matlock also alleges that several defendants threatened him because he complained about Sgt. Porter. His allegations are nearly identical to those in his earlier complaint. On November 7, 2018, Sgt. Franklin told Matlock that he heard that Matlock was messing with his friend Officer Porter, that he did not like for people to mess with his friends, and that "Westville can be a dangerous place and bad thing[s] can happen to people like Matlock." (ECF 23 at 4.) On November 10, 2018, Sgt. Flakes referenced the complaint Matlock filed against Porter and indicated that "she has friends that are Vice Lords and they knew how to deal with people like Matlock." (*Id.*) On November 14, 2018, Sgt. Mottshagen indicated that she heard that Matlock was causing trouble by filing complaints against staff, and she indicated that "it would be a shame if Matlock needed help and Sgt. Mottshagen turned her back and let harm come to Matlock." (*Id.*) On November 17, 2018, Sgt. Yancey reminded Matlock of a brutal attack on inmates at

---

[1] Matlock further alleges that Mrs. Gann, the wife of Deputy Warden Gann, tried to move him to a housing unit where the gang members that had threatened him were located, in retaliation for naming her husband in this lawsuit. Another officer intervened, and the move did not occur. This does not state a claim because Matlock did not suffer a deprivation that would likely deter future First Amendment activity.

3

Indiana State Prison, and he said, "that's what happens to inmates who mess with his brothers and sisters in blue." (*Id.* at 5.) On November 26, 2018, Sgt. Collier indicated that she "would make Matlock pay dearly" if he did not stop messing with Officer Porter. (*Id.*) He further indicated that he has family that are Vice Lords, and "he could and would put them on Matlock." (*Id.*) On December 6, 2018, Matlock was surrounded by eight members of the Vice Lords gang and told that he needed to drop his claims against Officer Porter or he "could and would be beaten and or stabbed." (*Id.*) Sgt. Collier then told Matlock on December 30, 2018, that he had not forgotten him. (*Id.* at 12.) These allegations state a claim of retaliation against Sgt. Collier, Sgt. Flakes, Sgt. Yancy, Sgt. Mottshagen, and Sgt. Franklin. While in his earlier complaint Matlock sought only injunctive relief, he now seeks both injunctive relief and monetary damages. Therefore, he will be permitted to proceed against these defendants in their individual capacity for monetary damages and in their official capacities for injunctive relief.

Matlock has shared information about both Officer Porter's inappropriate comments and the threats that resulted with Deputy Warden Gann, Warden Sevier, Deputy Commissioner James Basinger, Commissioner Robert Carter, Governor Eric Holcomb, and Complex Director Jessica Rain. None of these individuals has provided him with any relief. Matlock's allegations are troubling, as is the failure of prison officials to take action to protect him, but no physical harm has come to Matlock as a result of that inaction. Fear of an attack that does not occur does not state a claim for monetary damages. *See Doe v. Welborn*, 110 F.3d 520, 523–24 (7th Cir. 1997)("An

4

allegation that prison officials exposed a prisoner to a risk of violence at the hands of other inmates does not implicate the Eighth Amendment's Cruel and Unusual Punishments Clause."(internal quotation marks and citation omitted)). Furthermore, "'no prisoner is entitled to insist that one employee do another's job,' and the division of labor is critical to the efficient functioning of the organization." *Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017)(quoting *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). As the Seventh Circuit explained in *Burks*:

> The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 for not being ombudsmen. [The] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.

*Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Likewise, Matlock cannot hold everyone that knew he feared for his safety liable. Matlock will, however, be permitted to proceed against Warden Sevier in his official capacity, requiring that Warden Sevier provide Matlock with adequate protection as required by the Constitution.[2]

---

[2] While Matlock alleges that the harassment has not stopped, and things have continued to get worse (ECF 23 at 11, 15), he does not provide details of any specific threats after December 30, 2018. On December 31, 2018, Matlock indicated that "he was not in danger with any offenders on the dorm, and that his issue is with custody staff on another bracket." (ECF 23-1 at 3.) Matlock is being permitted leave to pursue an injunctive relief claim, but the amended complaint does not provide a basis for granting a preliminary injunction. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek*

5

For these reasons, the court:

(1) GRANTS Barry Wade Matlock leave to proceed against Mr. Sonnenberg, Warden Sevier, Sgt. Collier, Sgt. Flakes, Sgt. Yancy, Sgt. Mottshagen, and Sgt. Franklin in their official capacity for injunctive relief to cease retaliating against him for exercising his First Amendment rights;

(2) GRANTS Barry Wade Matlock leave to proceed against Mr. Sonnenberg, Warden Sevier, Sgt. Collier, Sgt. Flakes, Sgt. Yancy, Sgt. Mottshagen, and Sgt. Franklin in their individual capacity for monetary damages for retaliating against him for exercising his First Amendment rights;

(3) GRANTS Barry Wade Matlock leave to proceed against Warden Sevier in his official capacity for injunctive relief to provide adequate protection from members of the prison staff and Vice Lords that have threatened him, as required by the Eighth Amendment;

(4) DISMISSES all other claims pursuant to 28 U.S.C. § 1915A;

(5) DISMISSES Sgt. Porter, Mrs. Gann, Governor Eric Holcomb, Commissioner Robert Carter, Deputy Commissioner James Basinger, Deputy Warden Kenneth Gann, and Complex Director Jessica Rain pursuant to 28 U.S.C. § 1915A;

---

*v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain a preliminary injunction, the moving party must show (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015). If Matlock believes he can meet this standard, he may file a motion for a preliminary injunction without filing an amended complaint.

(6) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Mr. Sonnenberg, Warden Sevier, Sgt. Collier, Sgt. Flakes, Sgt. Yancy, Sgt. Mottshagen, and Sgt. Franklin at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 23) as required by 28 U.S.C. § 1915(d);

(7) ORDERS, pursuant to 42 U.S.C. §1997e(g)(2), that Mr. Sonnenberg, Warden Sevier, Sgt. Collier, Sgt. Flakes, Sgt. Yancy, Sgt. Mottshagen, and Sgt. Franklin respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 20, 2019

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT