UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BARRY W. MATLOCK,

    Plaintiff,

v.                                       CAUSE NO.: 3:18-CV-1007-JD-MGG

FRANKLIN, et al.,

    Defendants.

OPINION AND ORDER

Barry W. Matlock, a prisoner without a lawyer, was granted leave to proceed against Mr. Sonnenberg, Warden Sevier, Sgt. Collier, Sgt. Flakes, Sgt. Yancy, Sgt. Mottshagen, and Sgt. Franklin in their official capacities for injunctive relief to cease retaliating against him for exercising his First Amendment rights, and in their individual capacities for monetary damages for retaliating against him for exercising those rights. Matlock was also granted leave to proceed against Warden Sevier in his official capacity for injunctive relief to provide adequate protection from members of the prison staff and Vice Lords that have threatened him, as required by the Eighth Amendment. Matlock has now filed a number of motions with the court, each of which is addressed below.

Motions Seeking Injunctive Relief

Matlock seeks a temporary restraining order (ECF 26) and preliminary injunction (ECF 27) against Sgt. Porter, Mr. Sonnenberg, Warden Sevier, Sgt. Collier, Sgt. Flakes,

Sgt. Yancy, Sgt. Mottshagen, Sgt. Franklin, and Larry Crittenden. More specifically, he asks that he be separated from the staff that are retaliating against him by either moving him to a different location or moving the staff members.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain a preliminary injunction, the moving party must show (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015). The court then "weighs the competing harms to the parties if an injunction is granted or denied and also considers the public interest." *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). Furthermore, under the Prison Litigation Reform Act, injunctive relief must be "narrowly drawn, extend no further than necessary to remedy the constitutional violation, and must use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012).

> The PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.
>
> *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) (quotation marks, brackets, and citations omitted).

2

As explained in this court's screening order (ECF 24 n. 2), Matlock's amended complaint does not allege facts that provide a basis for granting a preliminary injunction because it does not detail specific threats demonstrating he would suffer irreparable harm in the absence of an injunction. Matlock's current requests for injunctive relief do detail some specific threats made by Sgt. Porter after his amended complaint was filed. Specifically, Matlock asserts that, on February 25, 2019, Sgt. Porter directed another officer to search Matlock's cell and the following day Sgt. Porter asked Matlock how he liked his shake down and then laughed and said, "it wasn't over whiteboy and Matlock could expect more to come." (ECF 26 at 1; ECF 27 at 2.) Then, on March 3, 2019, Sgt, Porter told Matlock that "he should watch his cell location because it would be a shame if drugs or a weapon were found in his possession." (ECF 26 at 2; ECF 27 at 2.) On March 7, 2019, Sgt. Porter told Matlock "he had better watch his back and his bed area was fair game." (ECF 26-1 at 1-2.) She also indicated that Matlock "was lucky he didn't make commissary that day" as "it would've been a terrible thing had Matlock been robbed as bad things happen in prison where the bad people are." (ECF 26-1 at 2.)

While Matlock has attempted to obtain injunctive relief against numerous defendants, he also seeks injunctive relief against Sgt. Porter and Larry Crittenden, neither of whom are defendants. Matlock may also be seeking injunctive relief against Jody Kufferber, who is also not a defendant. (ECF 26-1 at 1.)

> [a]n injunction, like any "enforcement action," may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court. *Lake Shore Asset Mgmt., Ltd. v. Commodity*

3

*Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007); *see also Audio Enters., Inc. v. B & W Loudspeakers*, 957 F.2d 406, 410 (7th Cir. 1992) (vacating preliminary injunction because defendant had not been served).

*Maddox v. Wexford Health Sources, Inc.*, 528 Fed. Appx. 669, 672 (7th Cir. 2013). Thus, injunctive relief cannot be granted against Sgt. Porter, Larry Crittenden, or Jody Kufferber.

To the extent Matlock seeks injunctive relief against the defendants named in this action, Matlock's allegations do not support the granting of the extraordinary relief of a temporary restraining order or preliminary injunction. Matlock has not demonstrated that he will suffer irreparable harm before this case can be resolved on the merits. The additional allegations regarding Sgt. Porter's recent threats do not alter this courts previous conclusion that a preliminary injunction is not warranted. Unwarranted shake-downs, unsubstantiated and vague threats of a set-up that could result in a future conduct violation, and being robbed of commissary goods are not the kind of harms that preliminary injunctive relief is intended to remedy. Therefore, Matlock's requests for a temporary restraining order (ECF 26) and preliminary injunction (ECF 27) will be denied.

Matlock also seeks an order compelling two law library employees, Elizabeth Kennerk and Mr. Hicks, to allow Matlock to access the law library three to five times per week for the duration of this lawsuit. While Matlock has phrased his request as a motion to compel, it is more appropriately construed as another request for preliminary injunctive relief. But it too must be denied because neither Kennerk nor Hicks are

defendants in this action. *Maddox*, 528 Fed. Appx. at 672. Accordingly, the motion to compel (ECF 28 at 2-4) must be denied.[1]

Motion for Reconsideration

Matlock filed a motion (ECF 31) seeking reconsideration of the court's determination that he had not stated a claim under the Eighth Amendment against Warden Sevier in his individual capacity. The court stands by its ruling – the amended complaint did not state a claim against Warden Sevier in his individual capacity because fear of an attack that does not occur does not state a claim for monetary damages. (ECF 24 at 4-5.) "An allegation that prison officials exposed a prisoner to a risk of violence at the hands of other inmates does not implicate the Eighth Amendment's Cruel and Unusual Punishments Clause." *Doe v. Wilborn*, 110 F.3d 520, 523-24 (7th Cir. 1997)(internal quotation marks and citation omitted). While Matlock's motion seeks reconsideration, he has relied upon facts not in the amended complaint. The additional facts Matlock presents will only be considered if Matlock submits a proposed amended complaint that includes them, as discussed in more detail below.

---

[1] Furthermore, even if Matlock had brought his claims based on a denial of law library access against Kennerk or Hicks in this action, there would be no constitutional basis for ordering the requested relief. To satisfy the right to meaningful access to the courts, the constitution requires only that prisoners receive "that quantum of access to prison libraries—not total or unlimited access—which will enable them to research the law and determine what facts may be necessary to state a cause of action." *Smith v. Shawnee Library Sys.*, 60 F.3d 317, 322 (7th Cir. 1995)(quoting *Hossman v. Spradlin,* 812 F.2d 1019, 1021 (7th Cir.1987)). In cases brought pursuant to 28 U.S.C. § 1983, "the right to access is meant to allow a prisoner to bring claims through the preliminary stages in the courts, not to allow full-fledged self-representation." *Id.*

Matlock's Attempts to Amend his Complaint

Matlock filed a letter and a variety of motions that seek to add additional facts, claims, or defendants to his amended complaint. He filed a motion (ECF 29) indicating he wishes to allege a claim pursuant to the Americans with Disabilities Act. He filed a letter (ECF 30) suggesting he wishes to raise claims based on a denial of access to the courts and retaliation by medical staff for filing grievances related to his medical care.[2] And, he filed a motion for leave to file an amended complaint (ECF 33) that seeks to add additional facts and three new defendants to this action. While pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend is to be freely given, amendments cannot be made by interlineation. An amended pleading "must reproduce the entire pleading as amended" and "must not incorporate any prior pleading by reference." N.D. Ind. L.R. 15-1. Furthermore, "[m]otions to amend a pleading must include the original signed proposed amendment as an attachment." Here, Matlock has not tendered a proposed amended complaint containing all of his claims against all of the defendants. Thus, his motion to amend will be denied, but he may resubmit a motion to amend along with a proposed amended complaint that is complete in and of itself. For his convenience, the clerk will send him a blank complaint form to assist him in preparing an amended complaint, should he wish to file one.

If Matlock files a motion for leave to amend along with a proposed amended complaint, the court will then determine if the amendment will be permitted. However,

---

[2] The letter also asks for advice on how to proceed, but the court cannot provide Matlock with legal advice.

Matlock is cautioned that he can not bring unrelated claims in the same action. "Unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). Without a proposed amended complaint, the court cannot determine if the proposed amendments are sufficiently related to the claims he is asserting in this action, but at least some of the proposed amendments raise concerns about whether they are sufficiently related to the current claims. Matlock is cautioned that an attempt to bring unrelated claims may result in additional delays in moving this case forward.

Motion for Appointment of Counsel

Matlock also filed a motion requesting appointment of counsel. "[T]here is no constitutional or statutory right to court-appointed counsel in federal civil litigation . . ." *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc). However, in some circumstances, the court may ask an attorney to volunteer to represent indigent parties.

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt*, 503 F.3d at 654. Here, Matlock mentions that he has attempted to obtain pro bono counsel on his own but does not indicate whether he sent these attorneys copies of this court's screening order (ECF 24) granting him leave to proceed. He thus has not demonstrated that he has made a reasonable attempt to obtain counsel on his own.

"If . . . the indigent has made no reasonable attempts to secure counsel . . ., the court should deny any [such requests] outright." *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); *see also Pruitt,* 503 F.3d at 654; *Romanelli v. Suliene*, 615 F.3d 847 (7th Cir. 2010); *Bracey v. Grondin*, 712 F.3d 1012, 1016 (7th Cir. 2013). Accordingly, the motion will be denied with leave to refile after Matlock has sent a copy of this court's screening order (ECF 24) to ten attorneys along with a letter requesting that they represent him. There may be attorneys willing to take his case to fulfill *pro bono* requirements with a law firm or bar association, to gain federal court experience, or simply because they have an interest in the legal issues raised. He will not know until he makes some effort to obtain counsel on his own. After waiting a reasonable length of time for responses, if he then asks the court to attempt to recruit a lawyer to represent him for free, he must attach whatever responses he has received. In addition, he needs to explain why he believes this case is difficult and why he is not competent to litigate it himself. He needs to detail all of his education and litigation experience. Until then, Matlock will continue to proceed with this case *pro se.*

For these reasons, the court:

(1) DENIES Barry W. Matlock's motion for a temporary restraining order (ECF 26) and motion for preliminary injunctive relief (ECF 27);

(2) DENIES Barry W. Matlock's motion to compel (ECF 28 at 2-3);

(3) DENIES Barry W. Matlock's motion to reconsider (ECF 31);

(4) DENIES Barry W. Matlock's motion to make a claim under the Americans with Disabilities Act (ECF 29);

(5) DENIES Barry W. Matlock's motion for leave to file an amended complaint (ECF 33) but grants him leave to refile along with a proposed amended complaint setting forth all of his claims against all of the defendants he wishes to sue in this case;

(6) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint form and send it to Barry W. Matlock;

(7) DENIES Barry W. Matlock's motion for appointment of counsel (ECF 28 at 1); and

(8) DIRECTS the clerk to send Barry W. Matlock ten (10) copies of the screening order (ECF 24).

SO ORDERED on March 14, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT