UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BARRY W. MATLOCK,

    Plaintiff,

    v.

PORTER, et al.,

    Defendants.

CAUSE NO.: 3:18-CV-1007-JD-MGG

OPINION AND ORDER

Barry Wade Matlock, a prisoner without a lawyer, is proceeding on claims that Sgt. Vernica Porter, Mr. Sonnenberg, Warden Sevier, Sgt. Collier, Sgt. Flakes, Lt. Yancey, Sgt. Motshagen, Sgt. Franklin, Patrick Krueger, Rob Wright, and Sgt. Deu retaliated against him for exercising his First Amendment rights; that Sgt. Deu and Officer Vallarie failed to protect him on April 18, 2019, in violation of the Eighth Amendment; and that Sgt. Espisito used excessive force against him on April 19, 2019, in violation of the Eighth Amendment. (ECF 59.) The defendants have moved for summary judgment (ECF 95), arguing that Matlock failed to exhaust his administrative remedies because he did not complete the grievance process with respect to his claims.

The defendants also provided Matlock with the summary judgment notice required by N.D. Ind. L.R. 56-1 and a copy of both Federal Rule of Civil Procedure 56 and Local Rule 56-1. (ECF 97.) The notice informed Matlock of the importance of filing a response. It advised that, unless he disputed the facts presented by the defendants, the

court could accept those facts as true. It further advised that a lack of response could result in the dismissal of his case. Matlock filed a response (ECF 103), and the motion is ripe for adjudication.

The court must grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).

The grievance policy for the Indiana Department of Correction sets forth a three-step grievance process. (ECF 96-1 at ¶ 15.) First, an inmate may file a formal grievance once they have unsuccessfully attempted to resolve their grievance informally. (*Id.*) If an inmate is dissatisfied with the grievance response, he may file a grievance appeal with the Warden or his designee. (*Id.* at ¶ 20.) If unhappy with the response of the Warden or his designee, an inmate may file an appeal with the Department Grievance Manager. (*Id.* at ¶ 21.) Thus, to exhaust a grievance, an offender must attempt an informal resolution, file a formal grievance, pursue an appeal with the Warden or his designee, and pursue an appeal with the Department Grievance Manager. (*Id.* at ¶¶ 15-16.) The IDOC's policy further provides that, "[i]f an offender submits a grievance but alleges that they do not receive either a receipt or a rejected [sic] from the Offender Grievance Specialist within five (5) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact. The offender is required to retain a copy of the notice sent to the Offender Grievance Specialist." (*Id.* at 29; ECF 96-2 at 9.)

According to the grievance records, the IDOC logged and accepted three grievances filed by Matlock during the relevant time-frame. (ECF 96-1 at ¶¶ 31-32; ECF 96-3.) Matlock filed a formal grievance (grievance # 105461) on February 8, 2019, regarding the need for medication to treat his acid reflex. (ECF 96-4 at 4.) Matlock filed a formal grievance (grievance # 105923) on January 29, 2019, regarding water quality at the Westville Correctional Facility. (*Id.* at 22.) And, Matlock filed a formal grievance (grievance # 106895) on April 12, 2019, regarding the presence of rodents. (*Id.* at 39.)

Thus, none of the logged and accepted grievances addressed the claims that Matlock is proceeding on in this case. (ECF 96-1 at ¶ 34.)

Matlock also submitted numerous grievances that were not logged and accepted but were instead returned to him. (ECF 96-5.) None of the grievances that were returned to Matlock addressed the claims that he is proceeding on in this case either. (*Id.*) Thus, the official grievance record indicates that Matlock did not exhaust his administrative remedies. This conclusion is consistent with Matlock's assertions in each of the complaints filed in this case, in which he conceded that he did not exhaust his administrative remedies.[1] (ECF 4, ECF 21, ECF 23, ECF 40, ECF 50.)

Nonetheless, Matlock now asserts that he submitted grievances related to this case on five separate occasions: November 5, 2018, January 10, 2019, February 7, 2019, March 15, 2019, and April 19, 2019. (ECF 85.) Matlock has not provided copies of these grievances, and he has not described the nature of the grievances. Matlock further asserts that he received no response to these grievances. Based on this assertion, Matlock urges this court to find that the grievances system was made unavailable to him.

Unfortunately for Matlock, if a grievance is not responded to within five days, the IDOC's policy requires that he take further action. Namely, he must notify the Offender Grievance Specialist that he did not receive a response to his grievance and

---

[1] In his initial complaint, Matlock conceded that he did not file a grievance because he had been advised that the process took too long, and he was in imminent danger. (ECF 4 at 7.) The IDOC grievance policy has special procedures for emergency grievances that require a response within one day. (ECF 96-2 at 4.) Each of Matlock's next four complaints indicated that he did not file a grievance because he was amending an earlier complaint. (ECF 21 at 7; ECF 23 at 7; ECF 40 at 7; ECF 50 at 7.)

4

retain a copy of that notice. (ECF 96-1 at ¶ 29; ECF 96-2 at 9.) Matlock, however, has not presented any evidence that he notified the Officer Grievance Specialist that he did not receive a response to his grievances dated November 5, 2018, January 10, 2019, February 7, 2019, March 15, 2019, or April 19, 2019. Matlock identified John Harvil as the Grievance Specialist in an earlier complaint (ECF 40), and he does assert that he wrote Harvil, among others, about his inability to file grievances. (ECF 85.) Matlock does not, however, specifically assert that he notified Harvil that he filed any of the five grievances he now identifies as pertaining to this suit, or that he alerted Harvil that five days had passed without him receiving a response to those grievances. (*Id.*) Furthermore, under the policy, Matlock should have retained a copy of any notice. (ECF 96-2 at 9.)

Here, the record demonstrates that, during the relevant time period, properly completed grievances received from Matlock addressing a variety of issues were accepted and logged. Other grievances that were not properly completed were returned to Matlock, along with a return of grievance form explaining why the grievances was not accepted and logged. Even setting aside Matlock's statement to the contrary and accepting as true for purposes of this motion that Matlock did file grievances addressing the claims raised in this lawsuit, he cannot demonstrate that he exhausted his administrative remedies because he cannot demonstrate that he notified the Grievance Specialist that he did not receive a response within five days.[2]

---

[2] Furthermore, Matlock was required to exhausted before he initiated this suit. *See Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Only one of the dates that Matlock points to was prior to initiating this lawsuit.

5

After reviewing the record, the court concludes that the undisputed evidence demonstrates that Matlock did not exhaust his available administrative remedies with respect to his claims for monetary damages. This leaves only one claim pending: Matlock's claim against Sgt. Vernica Porter, Mr. Sonnenberg, Warden Sevier, Sgt. Collier, Sgt. Flakes, Lt. Yancey, Sgt. Motshagen, Sgt. Franklin, Patrick Krueger, Rob Wright, Sgt. Deu for injunctive relief to cease retaliating against him for exercising his First Amendment rights. The defendants previously filed a motion to dismiss Matlock's injunctive relief claim, and this court dismissed Matlock's Eighth Amendment claim seeking injunctive relief against Warden Sevier as moot, because Matlock is no longer in Warden Sevier's custody. (ECF 104.) The memorandum in support of the motion to dismiss argued that there was no longer any case or controversy as to Warden Galipeau because Matlock was no longer in his custody. (ECF 94 at 5.) Thus, the court's order did not address Matlock's injunctive relief claim against Sgt. Vernica Porter, Mr. Sonnenberg, Warden Sevier, Sgt. Collier, Sgt. Flakes, Lt. Yancey, Sgt. Motshagen, Sgt. Franklin, Patrick Krueger, Rob Wright, Sgt. Deu. However, this claim is also moot, and it too must be dismissed. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996)("If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred.").

Lastly, the defendants have filed a motion for sanctions arguing that because Matlock offered contradictory statements regarding exhaustion in his complaints and his affidavit, his case should be dismissed, the dismissal should count as a strike, and he

6

should be assessed fees and costs. This case will be dismissed pursuant to the summary judgment motion, and no further sanctions are warranted under the facts presented here. Accordingly, the motion for sanctions will be denied.

For these reasons, the court:

(1) GRANTS the Defendants' Motion for Summary Judgment (ECF 95);

(2) DISMISSES AS MOOT Barry W. Matlock's claim against Sgt. Vernica Porter, Mr. Sonnenberg, Warden Sevier, Sgt. Collier, Sgt. Flakes, Lt. Yancey, Sgt. Motshagen, Sgt. Franklin, Patrick Krueger, Rob Wright, Sgt. Deu for injunctive relief to cease retaliating against him for exercising his First Amendment rights;

(3) DENIES the Defendants' Motion for Sanctions (ECF 98); and

(4) DIRECTS the clerk to enter judgment in favor of the defendants and to close this case.

SO ORDERED on December 2, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT